[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11395

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHAD WILLIAMSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:21-cr-00041-LAG-TQL-1

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Chad Williamson appeals his sentence of 240 months' imprisonment, followed by a five-year term of supervised release, for one count of attempt to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846, which was below the sentencing guidelines range. On appeal, Williamson argues that the district court abused its discretion in weighing the 18 U.S.C. § 3553(a) factors, as it failed to properly account for his relatively brief prior terms of imprisonment, the need to avoid an unwarranted sentencing disparity, and the Sentencing Guidelines' ten-to-one treatment disparity between methamphetamine (actual) and methamphetamine mixtures, resulting in a substantively unreasonable sentence. For the following reasons, we affirm.

## I.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant

factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). The proper factors are set out in § 3553(a) and include the nature and circumstances of the offense, the personal history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and the need to avoid unwarranted sentencing disparities among similarly situated defendants. § 3553(a).

The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). It is enough that the record reflects the district court's consideration of the § 3553(a) factors. *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). Additionally, a failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). The decision about how much weight to assign to a particular factor is within the district court's discretion, and it is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of

the case." *Irey*, 612 F.3d at 1190 (quoting *United States v. Pugh*, 515 F.3d 1159, 191 (11th Cir. 2008)). An indicator of a reasonable sentence is one that is well below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).

When considering a claim of disparity, we first consider "whether the defendant is similarity situated to the defendants to whom he compares himself." *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). "A well-founded claim of disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Mateo-Espejo*, 573 F.3d 1091, 1101 (1st Cir. 2005)). The defendant has the burden of showing specific facts that establish the similar situation. *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). Courts "need[] to have more than the crime of conviction and the total length of the sentences to evaluate alleged disparities. The underlying facts of the crime and all of the individual characteristics are relevant." *Id.*

Under the 2021 U.S. Sentencing Guidelines' drug conversion table, one gram of methamphetamine is equal to a converted drug weight of two kilograms. U.S.S.G. § 2D1.1, cmt. n.8(D). One gram of methamphetamine (actual) is equal to a converted drug weight of 20 kilograms. *Id.*

In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Supreme Court upheld a district court's decision to vary downward from the guideline range, holding that a district court could conclude that

the Sentencing Guidelines' 100-to-1 treatment disparity between crack cocaine and powder cocaine at the time yielded a sentence greater than necessary, supporting a downward variance. *Id.* 109 (2007).

A conviction under § 841(b)(1)(A) carries a statutory minimum term of imprisonment of ten years and a statutory maximum term of imprisonment of life. 21 U.S.C. § 841(b)(1)(A).

Here, the district court did not abuse its discretion when it varied downward and imposed a sentence of 240 months' incarceration, which was below the guidelines range of 262 to 327 months' incarceration that the district court calculated based on a total offense level of 34 and a criminal history category of VI. First, the district court indicated that it had considered the § 3553(a) factors and identified three factors which it weighed particularly heavily in reaching Williamson's sentence, namely the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities, thus satisfying its burden to demonstrate that it considered the sentencing factors. *Cabezas-Montano*, 949 F.3d at 609.

Next turning to Williamson's arguments on appeal, Williamson first failed to provide sufficient information to support a disparity claim. Indeed, his argument relies on a broad dataset of sentences for methamphetamine traffickers, but this dataset is devoid of any detail concerning the individual cases involved or the specific characteristics thereof. *See Azmat*, 805 F.3d at 1048.

Additionally, Williamson's arguments that the district court abused its discretion in failing to give proper weight to his relatively brief prior sentences and the treatment disparity between methamphetamine (actual) and methamphetamine mixtures are without merit, as the district court has broad discretion in the weight it assigns to any factor and can choose to attach greater or lesser weight to one factor over another. *See Rosales-Bruno*, 789 F.3d at 1254. In this case, the district court's focus on the factors it identified and its downward variance to 240 months' incarceration was supported by the significant quantity of methamphetamine involved and the specific health concerns identified by Williamson.

Given this, Williamson's sentence is not clearly "outside the range of reasonable sentences dictated by the facts," particularly as the sentence was well below the statutory maximum of life. *See Irey*, 612 F.3d at 1190; *Dougherty*, 754 F.3d at 1364; § 841(b)(1)(A). Accordingly, we affirm his sentence.

**AFFIRMED.**